UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ARYA,<br><br>        Defendant. | No. 2:18-cv-0462 EFB P<br><br><br>ORDER |

       Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has also filed three applications to proceed in forma pauperis (ECF Nos. 4, 11, 12) and a motion requesting production of his inmate trust statement (ECF No. 5).

Application to Proceed In Forma Pauperis

       The court has reviewed the latter of plaintiff's applications (and its attendant trust fund account statement (ECF No. 10)) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. His other application (ECF No. 4) and his motion for production of his trust statement (ECF No. 5) are denied as moot.

/////

//// /

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

II. Analysis

Plaintiff alleges three separate claims of medical deliberate indifference against three defendants.[1] First, he alleges that, on January 28, 2018, he suffered a heart attack. ECF No. 1 at 3. He attributes the heart attack to defendant Arya's decision to end his nitroglycerin tab prescription. *Id.* at 3-4. Plaintiff alleges that Arya justified this decision by stating that there was nothing seriously wrong with his heart, save for minor symptoms that were common to men of plaintiff's age. *Id.* at 4.

Second, plaintiff alleges that Arya's treatment for a cut on his foot was not medically correct. *Id.* at 6. He found fault with Arya's prescription of "Tolunflate" cream and Arya's insistence that he take 200 milligrams of "Itraconozale" a day. *Id.* at 6-7. He claims that the Itraconozale dosage was causing him dizziness and that an unnamed doctor at a prior institution had told him that this medication dosage was "too strong" for his condition. *Id.* at 7, 9. Later Arya allegedly replaced plaintiff's Itraconozale with a topical ointment and plaintiff alleges his foot condition worsened as a result. *Id.* at 9-10.

---

[1] Only defendant Arya is listed on the docket. The caption names "M.D. A. Arya, et. al." In the body of the complaint, however, plaintiff states that defendants Arya, Kelly, and Dillon are being sued in their individual capacities. ECF No. 1 at 6. Given that plaintiff's complaint will, for the reasons stated hereafter, be dismissed with leave to amend, the court will not order the clerk to add the remaining defendants at this time. If plaintiff files an amended complaint he shall list by name all defendants in the caption of the complaint.

3

Third, plaintiff alleges that he suffers from incontinence and has not been provided adequate supplies to manage this condition. *Id.* at 10. He claims that defendant Kelly, a nurse, ignored the foregoing issue and told him that she was limited to following the doctor's orders. *Id.* at 10-11. He alleges that he brought this issue to the attention of defendant Dillon, who told him that his condition did not require "sanitation supplies." *Id.* at 11.

Plaintiff's complaint will be dismissed for two reasons. First, he has impermissibly joined three unrelated medical claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (emphasizing that "[u]nrelated claims against different defendants belong in different suits . . . ."). If plaintiff elects to amend his complaint he must either select only one of these claims to pursue or explain how each is sufficiently related to proceed in a single action.

Second, plaintiff has failed to sufficiently allege that any of the defendants acted with deliberate indifference. Deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, plaintiff's medical claims are not distinguishable from mere negligence or medical malpractice. His allegation, for instance, that

defendant Arya erred in believing that plaintiff's nitroglycerin tabs were no longer necessary provides no indication that the defendant knew this decision to be risky or dangerous to plaintiff's health.

## Leave to Amend

Plaintiff may amend his complaint within thirty days from the date this order is served. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 11) is GRANTED;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 4) and motion for production of inmate trust statement (ECF No. 5) are DENIED as MOOT;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date this order is served; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  October 10, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE