UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | No. 2:18-cv-0462-EFB P |
| Plaintiff, | |
| v. | ORDER |
| A. ARYA, | |
| Defendant. | |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court previously screened the initial complaint and determined it was deficient insofar as: (1) it asserted multiple, unrelated claims against more than one defendant; and (2) it failed to state a cognizable claim for Eighth Amendment deliberate indifference. ECF No. 18. Plaintiff has filed an amended complaint (ECF No. 21) which the court now screens.[1]

Screening

I.  Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] The filing has been styled a "Motion to Amend Complaint," but, in substance, it is an amended complaint.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

II. <u>Analysis</u>

<u>Background</u>

Plaintiff alleges that, in January of 2018, defendant Arya – his primary care provider – insisted on prescribing "Tolunflate" cream for a cut he sustained underneath a toe on his right foot. ECF No. 21 at 3-4. Plaintiff asserts that this cream is intended for topical use only and, as such, he explained to Arya that application to the underside of his toe presented a danger to him. *Id.* at 4. In spite of plaintiff's protestations, Arya allegedly persisted in attempting to prescribe and apply the cream. *Id.* at 4-5. Plaintiff succeeded – at least initially - in refusing treatment. *Id.* at 5-6.

Two days later, plaintiff was seen by defendant Dimaculangan – a registered nurse – and told that Arya expected him to apply the cream. *Id.* at 6. Plaintiff refused treatment again and told Dimaculangan that "[the treatment] wasn't going to happen." *Id.* After this encounter, plaintiff states that a refill for his asthma inhaler was not provided to him as regularly scheduled. *Id.* at 6-7. He claims that Dimaculangan told him the order had been submitted to the pharmacy. *Id.* at 7. When plaintiff explained that he had not received it, Dimaculangan purportedly changed justifications, and explained that plaintiff had received an inhaler refill ninety days previously and that defendant Arya would not enter another pharmacy order within so short a time frame. *Id.* Plaintiff asserts that, after learning from the pharmacy that no inhaler order had been submitted, he understood both Arya and Dimaculangan to be retaliating against him for a grievance he had filed against Arya relating to the foot cream. *Id.* at 8.

Next, plaintiff alleges that, in late January 2018, defendant Arya suspended his prescription for nitroglycerin tablets which were intended to treat a heart condition. *Id.* at 8-9.
/////

3

Plaintiff claims that Arya characterized his heart condition as a "minor irregulation (sic)" and, thus, concluded that the tablets were unnecessary. *Id.* at 9. He makes reference to a heart attack that occurred thereafter (*id.* at 11) but does not describe this incident in any detail.

Finally, plaintiff alleges that Arya reduced his supply of prescribed sanitation supplies – diapers, latex gloves, sanitary wipes, and plastic bags – which plaintiff had previously been prescribed for a condition with his colon. *Id.* at 10. In a section appended near the end of his complaint, plaintiff also accuses of defendant Kelli – a registered nurse – of disregarding his requests for additional diapers. *Id.* at 19-20.

## Analysis

The amended complaint, like the first, is deficient. It still contains multiple, unrelated claims against more than one defendant. Whether defendant Arya exhibited deliberate indifference in attempting to apply a topical ointment to an under-toe injury is a factually separate question from whether defendant Kelli exhibited deliberate indifference in ignoring plaintiff's requests for sanitary supplies. The court recognizes that plaintiff has attempted to create a through-line for all of these claims by raising a vague and underdeveloped allegation of retaliation.[2] As noted above, plaintiff intimates that all of his medical misfortunes – save Arya's initial attempt to prescribe and apply inappropriate cream – were undertaken to punish him for submitting a grievance against Arya. But plaintiff has failed to allege any details which indicate, in any specific way, that such retaliation actually occurred or that it stemmed from the filing of a prison grievance. Plaintiff cannot circumvent the bar on unrelated claims against multiple defendants simply by raising the underdeveloped theory that each claim was part of a broader but undescribed scheme to retaliate against him. Plaintiff has failed to allege facts, which if true, demonstrate any such retaliatory scheme.

/////

---

[2] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff was previously warned against joining multiple, unrelated claims against multiple defendants. He shall have one final opportunity to amend and submit a complaint which complies with the Federal Rules of Civil Procedure.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff has already been granted leave to proceed in forma pauperis. Accordingly, his pending application for that status (ECF No. 12) is DENIED as MOOT;

2. Plaintiff's Motion to Amend (ECF No. 21) is GRANTED;

3. Plaintiff's Amended Complaint (ECF No. 21) is DISMISSED with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this order may result in dismissal of this action.

DATED: May 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE