UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>          Plaintiff,<br><br>     v.<br><br>A. ARYA, *et al.*,<br><br>          Defendants. | Case No. 2:18-cv-00462-TLN-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY FROM THIRD-PARTIES AND FOR APPOINTMENT OF COUNSEL, AND GRANTING MOTION FOR EXTENSION OF TIME AND MOTIONS TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>ECF Nos. 45-47, 49-51 |

Pending before the court are several discovery related motions, which are addressed herein.

First, plaintiff has filed two identical motions, each styled as a motion to amend the complaint to "add witness testimony." ECF Nos. 45, 46. Notwithstanding their titles, the motions do not seek to amend the complaint, but rather ask that the court schedule depositions for, or permit plaintiff to serve interrogatories on, three non-party individuals—Dr. Dillion, LVN Kellig, and LVN Dimaculangan. *Id.* To the extent that plaintiff seeks to compel these individuals to attend a deposition or provide responses to certain questions, his motions must be denied.

The proper procedure for seeking discovery from non-parties is to serve each individual from whom discovery is sought with a subpoena pursuant to Federal Rule of Civil Procedure 45. Although plaintiff is not permitted to serve interrogatories on a non-party witness, he may serve

1

each witness with a subpoena that requires a deposition conducted by written questions.[1] *See* Fed. R. Civ. P. 31(a)(1), 33(a). Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." However, before a subpoena can be issued, the court must ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, No. 1:04-cv-05104-DLB-PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.").

The court will provide plaintiff with signed subpoena forms so that he can seek discovery from the three individuals identified in his motions. However, plaintiff is admonished that I will not direct the U.S. Marshall to serve the subpoenas unless plaintiff first demonstrates that the information sought by each subpoena cannot be obtained from defendants through discovery. Plaintiff is also warned that the *in forma pauperis* statute does not authorize the expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28 U.S.C. § 1915; *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 WL 2177460, *2 (N.D. Cal. July 27, 2007) ("If plaintiff wants to depose defendant on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness[; i]t is not defendant's obligation or the court's obligation to do so."). Thus, plaintiff will be responsible for the expenses necessary to conduct all depositions.

Plaintiff has also filed a motion for an extension of time to provide responses to defendants' interrogatories and requests for admissions. ECF No. 46. Defendants do not oppose plaintiff's motion, but they request that the deadline for completion of discovery be extended to

---

[1] If plaintiff chooses to proceed with a deposition by written questions, he will need to serve a deposition subpoena that identifies (1) the witness who will be deposed, (2) the officer who will take the deposition, (3) a list of the specific questions the witness will be asked, and (4) the date and time when the deposition will occur. *Harrell v. Jail*, No. 2:14-cv-1690-TLN-CKD-P, 2015 WL 8539037, * 1 (E.D. Cal. Dec. 11, 2015). Defendants would then be granted an opportunity to send the witness cross-examination questions. *Id*. Plaintiff would then be permitted to send written re-direct questions for the witness, and defendants would subsequently be permitted to provide re-cross-examination questions. *Id*.

1 allow time to review plaintiff's responses and, if necessary, file a motion to compel further
2 responses. ECF No. 48. Defendants have filed a separate motion to modify the scheduling order
3 to extend the discovery deadline for the limited purpose of completing plaintiff's deposition.
4 ECF No. 49. Plaintiff moves to extend the deadline for completion of discovery to allow him to
5 serve discovery requests. ECF No. 50.

6      It appears that both parties need additional time to complete discovery. Accordingly,
7 plaintiff's motion for an extension of time to serve his discovery responses, ECF No. 46, and the
8 parties' motions to modify the September 30, 2020 discovery and scheduling order, ECF Nos. 49
9 & 50, will be granted.

10      Lastly, plaintiff has filed a motion for appointment of counsel. ECF No. 51. Plaintiff
11 does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113
12 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to
13 represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S.
14 296, 298 (1989). *See* ECF Nos. 31, 42, 49, 60, 64, 67, 79, 104, 124, 146. The court may request
15 the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an
16 attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However,
17 without a means to compensate counsel, the court will seek volunteer counsel only in exceptional
18 circumstances. In determining whether such circumstances exist, "the district court must evaluate
19 both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his
20 claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525
21 (internal quotation marks and citations omitted).

22      I cannot conclude that exceptional circumstances requiring the appointment of counsel are
23 present here. The allegations in the complaint are not exceptionally complicated, and plaintiff has
24 not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion
25 to appoint counsel, ECF No. 51, is denied without prejudice.

26      I may revisit this issue if the interests of justice so require. If plaintiff later renews his
27 request for counsel, he should provide a detailed explanation of the circumstances that he believes
28 justify appointment of counsel.

Based on the forgoing, it is hereby ORDERED that:

1. Plaintiff's motions for discovery from non-party witnesses, ECF Nos. 45 & 47, are denied.

2. Plaintiff's motion for an extension of time to serve responses to defendants' interrogatories and requests for admissions, ECF No. 46, is granted. Plaintiff shall serve his responses within fourteen days of the date of this order.

3. The parties' motions to modify the September 30, 2020 discovery and scheduling order, ECF Nos. 49 & 51, is granted.

4. The parties may conduct discovery until June 18, 2021. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, 36, or 45 shall be served not later than April 30, 2021.

5. Dispositive motions shall be filed on or before September 10, 2021.

6. Plaintiff's motion for appointment of counsel, ECF No. 51, is denied without prejudice.

7. The Clerk of the Court is directed to provide plaintiff with three signed but otherwise blank subpoena forms with this order. *See* Fed. R. Civ. P. 45(a)(3).

IT IS SO ORDERED.

Dated:   April 7, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE