UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ARYA,<br><br>　　　　　Defendant. | No. 2:18-cv-00462-TLN-JDP<br><br>**ORDER** |

    This matter is before the Court on Plaintiff Donny Steward's ("Plaintiff") Motion for Reconsideration of the June 16, 2020 Order adopting the March 20, 2020 Findings and Recommendations (ECF No. 33). (ECF No. 54.)　For the reasons set forth below, Plaintiff's Motion is DENIED.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action seeking relief under 42 U.S.C. § 1983 on February 8, 2018.  (ECF No. 1.)  The matter is proceeding on Plaintiff's First Amended Complaint ("FAC").  (ECF No. 23.)  On March 20, 2020, the magistrate judge issued findings and recommendations that screened the FAC, found the only cognizable claims to be against Defendant A. Arya ("Arya") with respect to the reduction of sanitary supplies and medication for Plaintiff's heart condition, and recommended dismissal of the remaining improperly joined defendants and claims.  (ECF No. 25.)  On June 16, 2021, after considering Plaintiff's objections to the findings and recommendations (ECF No. 27), the Court adopted the findings and recommendations in full and dismissed the improperly joined parties and claims.  (ECF No. 33.)  On April 12, 2021, Plaintiff filed the instant motion for reconsideration.  (ECF No. 54.)

## II. STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding."  *Id.*  Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely

2

action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

### III.  ANALYSIS

While largely illegible and unintelligible, Plaintiff's motion appears to argue the dismissed parties should remain defendants in this case because Plaintiff needs to obtain discovery responses from them with respect to his remaining claims against Arya. (*See generally* ECF No. 54.) This argument fails to satisfy any subdivision of Rule 60(b). Moreover, the motion does not contain any new arguments, evidence, circumstances, or changes in law justifying reconsideration, nor does Plaintiff contend the Court erred in dismissing the various parties and claims that were not properly joined in this action.[1] *Marlyn*, 571 F.3d at 880. As such, the Court finds reconsideration of the June 16, 2020 Order adopting the March 20, 2020 Findings and Recommendations (ECF No. 33) is unwarranted.

///
///
///
///

---

[1] To the extent Plaintiff argues the dismissed parties may provide crucial testimony or other evidence to support his remaining claims against Arya, Plaintiff does not identify any reason he is unable to properly pursue this evidence pursuant to discovery rules set forth by the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 26–37 (rules for conducting discovery on parties and nonparties).

### IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF No. 54) is hereby DENIED.

IT IS SO ORDERED.

Dated: August 30, 2021

Troy L. Nunley
United States District Judge