UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ARYA,<br><br>    Defendant. | Case No. 2:18-cv-00462-TLN-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTIONS FOR EXTENSIONS OF TIME AND TO MODIFY THE SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTIONS TO SERVE SUBPOENAS, FOR COPIES, TO APPOINTMENT OF COUNSEL, AND TO PRESERVE EVIDENCE<br><br>ECF Nos. 57, 60, 61, 64-65, 68-70, 72, 73, 77, 78 |

Plaintiff is a state prisoner proceeding without counsel with claims under 42 U.S.C. § 1983. Several motions are currently pending in this action, most of which are addressed herein.

**A.    Motions to Serve Subpoenas**

Plaintiff previously filed motions asking the court to serve written discovery requests on three non-party individuals—Dr. Dillion, LVN Kellig, and LVN Dimaculangan. ECF Nos. 45, 46. I denied those motions and notified plaintiff that the proper procedure for seeking discovery from those individuals is to serve each of them with a subpoena pursuant to Federal Rule of Civil Procedure 45. ECF No. 53. I provided plaintiff three signed subpoena forms and warned him that I would not direct the U.S. Marshal to serve the subpoenas until he demonstrated that the information sought could not be obtained from defendants through discovery. I also warned him

1

that he would be responsible for any expenses related to deposition transcripts, court reporter fees, or witness fees. Plaintiff has since filed three motions asking that subpoenas be served on Dr. Dhillion, LVN Kellie Li, and LVN Dimaculangan. ECF No. 57, 60, 61. These motions are denied.

As a threshold matter, plaintiff has not completed and returned the subpoena forms that the court previously provided. Without those forms, the U.S. Marshal cannot serve subpoenas on the three individuals. Plaintiff also has not shown that he was unable to obtain from defendant the discovery that he now seeks from Dhillion, Li, and Dimaculangan. While he does state that CSP-Sacramento has not released all relevant records, there is no indication that he asked defendant to produce the information sought in his motions. ECF No. 57 at 5. Lastly, plaintiff seeks to depose Dhillion, Li, and Dimaculangan by written questions, but plaintiff has not demonstrated that he is able to cover the expenses of the proposed depositions. *See Lopez v. Horel*, No. C 06-4772-SI-PR, 2007 WL 2177460, *3 n.2 (N.D. Cal. July 27, 2007) ("To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings."). In fact, plaintiff's other filings indicate that he is unable to afford the expenses necessary to depose these three individuals.[1] *See* ECF No. 64 at 2 (explaining that plaintiff is unable to pay the cost for copying documents).

### B.  Motion to Appoint Counsel

Plaintiff has also filed a motion for appointment of counsel. ECF No. 68. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent him. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525.

---

[1] Plaintiff has also filed a motion asking that the court provide him and defense counsel with copies of three motions to serve subpoenas. ECF No. 64. Defendants were electronically served copies of plaintiff's motions, and plaintiff does not explain why he needs copies of the motions. The motion for copies, ECF No. 64, is denied.

1    But without a means to compensate counsel, the court will seek volunteer counsel only in
2    exceptional circumstances.  In determining whether such circumstances exist, "the district court
3    must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to
4    articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113
5    F.3d at 1525 (internal quotation marks and citations omitted).

6    Plaintiff has demonstrated an adequate ability to represent his interest in this action.
7    Further, he has not shown that he is likely to succeed on the merits.  For these reasons, his motion
8    for appointment of counsel, ECF No. 68, is denied.

9        **C.**    **Motion to Preserve Evidence**

10   Plaintiff has also filed a document styled "Notice of Motion for the Court to Preserve All
11   Evid. And Equal Protection of the Law under the VI, VII, VII, and XIV Amend. to Const." ECF
12   No. 70.  Significant portions of the document are devoted to rehashing the amended complaint's
13   allegations that defendant was deliberately indifferent to plaintiff's medical needs.  *Id*.  Plaintiff
14   also accuses defense counsel of providing evasive responses to two interrogatories.  He does not,
15   however, provide details regarding defendant's responses or attempt to explain how the responses
16   were deficient or improper.  The document concludes by stating that "under the Equal Protection
17   Claus[e]" plaintiff moves the "Court to preserve all pertinent records, documents, electronic audio
18   recordings, medical records," and other forms of evidence.  *Id*. at 14.

19   After carefully reviewing the document, I am unable to ascertain what relief the motion
20   seeks.  Consequently, the motion, ECF No. 70, is denied without prejudice.

21       **D.**    **Motions for Extensions of Time and to Modify the Scheduling Order**

22   Defendant has filed a motion for an extension of time to serve responses to plaintiff's first
23   set of discovery requests.  ECF No. 65.  That motion is granted.  If defendant has not yet served
24   his responses, he shall do so within seven days of this order.

25   Defendant has also filed multiple motions that collectively seek an extension of time to
26   respond to plaintiff's motion for summary judgment and to extend the deadline for filing
27   dispositive motions.  ECF Nos. 69, 72, 73, 77, 78.  Good cause appearing, defendants' motions
28   are granted.  Defendant's opposition and cross-motion for summary judgment, ECF Nos. 79 &

3

80, are deemed timely.

    Accordingly, it is hereby ORDERED that:

    1. Plaintiff's motions to serve subpoenas on non-party witnesses, ECF Nos. 57, 60, & 61, are denied.

    2. Plaintiff's motion for copies, ECF No. 64, is denied.

    3. Plaintiff's motion for appointment of counsel, ECF No. 68, is denied.

    4. Plaintiff's motion to preserve evidence, ECF No. 70, is denied.

    5. Defendant motion for an extension of time to serve responses to plaintiff's first set of discovery requests, ECF No. 65, is granted. Defendant shall serve his responses within seven days of the date of this order.

    6. Defendant's motions for extensions of time to file an opposition and motion for summary judgment, ECF Nos. 69, 72, 73, 77, & 78, are granted. Defendant's opposition and cross- motion for summary judgment, ECF Nos. 79 & 80, are deemed timely.

IT IS SO ORDERED.

Dated:   November 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4