UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>            Plaintiff,<br><br>       v.<br><br>A. ARYA,<br><br>            Defendant. | Case No.  2:18-cv-00462-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 67 & 79 |

Plaintiff Donny Steward, a state prisoner without counsel, filed this section 1983 action alleging that defendant A. Arya violated his Eighth Amendment rights by limiting medication and failing to provide him with adequate sanitation supplies. Plaintiff has filed a motion for summary judgment, ECF No. 67, and defendant has filed a cross motion for summary judgment. ECF No. 26. After reviewing the motions for summary judgment, I recommend that defendant's motion be granted and plaintiff's denied. I also recommend that plaintiff's motion to remove this case out of jurisdiction be denied.

**Legal Standards**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

1

*Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

2

1    376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than

2    the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

3    U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material

4    issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

5    require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

6    *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

7        The court must apply standards consistent with Rule 56 to determine whether the moving

8    party has demonstrated there to be no genuine issue of material fact and that judgment is

9    appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

10   "[A] court ruling on a motion for summary judgment may not engage in credibility

11   determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

12   2017) (citation omitted). The evidence must be viewed "in the light most favorable to the

13   nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

14   *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

15   198 F.3d 1130, 1134 (9th Cir. 2000).

16       **Background**

17       Plaintiff brings two separate claims for inadequate care against defendant. First, he

18   alleges that, in July 2017, defendant reduced his supply of sanitation supplies—diapers, latex

19   gloves, soap, and hazardous material bags. ECF No. 23 at 4. Second, he alleges that defendant

20   discontinued a prescription for "nitro tablets," which plaintiff used for chest pain. *Id.* at 6.

21   Consequently, he allegedly[1] suffered a heart attack. *Id.*

22       **Analysis**

23       To succeed on an Eighth Amendment claim for denial of adequate medical care, a

24   prisoner must show that he had a serious medical need and that the response to that need was so

25   inadequate as to be deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006);

26   *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference is something more

27

28       [1] Defendant disputes that the chest pain plaintiff experienced on that date was, in fact, a heart attack. ECF No. 80 at 8.

1 than simple medical malpractice or negligence, however. *See Toguchi v. Chung*, 391 F.3d 1051,
2 1057 (9th Cir. 2004). Deliberate indifference is established only where the claimant shows that
3 the defendant knew of and disregarded an excessive risk to his health. *Id.* at 1058. Here,
4 defendant argues that the evidence establishes that he did not exhibit deliberate indifference. I
5 agree.

      **A.**     **Sanitation Supplies**

As for plaintiff's claim regarding sanitation supplies, he testified in his deposition that, prior to transferring into defendant's care, he received enough diapers and "CHUX" pads to use one of each a day. ECF No. 83-5 at 14. Upon his transfer to California State Prison-Sacramento in July of 2017, a non-defendant physician continued plaintiff's supply of sanitation materials despite noting that there was no documented diagnosis of incontinence. ECF No. 83-1 at 3. Plaintiff first encountered defendant on August 21, 2017 and made no mention of any issues related to incontinence. *Id.* at 14. It was not until August 31, 2017 that plaintiff broached the issue of incontinence with defendant. *Id.* at 26. Like the previous provider, defendant noted that there was no diagnosis of incontinence, but nevertheless ordered that plaintiff be provided with six diapers and six pads each week. *Id.* Plaintiff did not object to this plan of action, stating "all right." *Id.* Records show that, a week later, defendant upped plaintiff's supply of diapers and pads to seven of each weekly for a period of three months. *Id.* at 34. Disbursement of sanitation supplies continued until plaintiff was transferred to a different facility on June 25, 2018. ECF No. 83-2 at 6-40 (durable medical equipment receipts); ECF No. 83-1 at 125 (documenting plaintiff's transfer).

For his part, plaintiff offers no documentary evidence refuting defendant's records. He does allege that, notwithstanding the diapers and pads, he was not given "sanitary wipes." ECF No. 87 at 2. He has not established, however, that the failure to provide him with sanitary wipes either damaged or posed an excessive risk to his health. Neither has he credibly argued that, in light of the continued prescription of diapers and pads, defendant knowingly disregarded any

serious medical issue related to plaintiff's incontinence.[2]

### B.     Plaintiff's Nitroglycerin Medication

On January 23, 2018, defendant informed plaintiff that he was recommending that his nitroglycerin prescription be discontinued. ECF No. 81 at 6 (Declaration of A. Arya). Defendant based his decision on the belief, informed by previous diagnostic tests, that the cause of plaintiff's chest pain was uncontrolled hypertension. *Id.* Plaintiff allegedly suffered a heart attack five days later, on January 28, 2018. Critically, however, records show that plaintiff received his last prescription of Nitroglycerin on January 22, 2018, the day before his encounter with defendant. ECF No. 82 at 2; ECF No. 83-1 at 83-84. His medical records indicate that each prescription of Nitroglycerin would have lasted more than a week. ECF No. 83-1 at 64, 83 (documenting a request for more Nitrogylcerin on December 13, 2017 and again on January 20, 2018); *see also id.* at 23 (indicating that the Nitrogylcerin prescription order duration was for ninety days). Thus, regardless of Arya's discontinuation of the medication on January 23, 2018, records indicate that plaintiff should have had nitroglycerin available to him on the day of his alleged heart attack.

Moreover, even if plaintiff did not have nitroglycerin on January 28, 2018, his allegations ultimately amount to a non-actionable disagreement over course of treatment. Defendant ordered a test for plaintiff's chest pain and made his decision to discontinue the nitroglycerin based on the result of that test. ECF No. 83-1 at 17 (referring plaintiff for cardiac stress test to "rule in or rule out coronary artery disease"), 74 (plaintiff underwent a "Lexiscan Stress Test" on December 26, 2017); ECF No. 81 at 6 (defendant attests that, based on the stress test results, that it was his belief that "likelihood of ischemia causing his chest pain was very low, and I recommended that he discontinue using Nitroglycerin as it was not medically indicated."). It may be that defendant was incorrect in his judgment, but that does not amount to deliberate indifference, which, again, must be something more than negligence or simple malpractice. Even if plaintiff had provided evidence indicating that he actually had a heart attack and that the discontinuation of nitroglycerin

---

[2] To the extent that plaintiff alleges that the supplies defendant prescribed were not delivered to him, he has failed adequately to argue or to demonstrate that the responsibility for that shortcoming should be borne by defendant.

was to blame—and he has not—it would not establish that defendant knowingly ignored that risk.

      **C.**      **Motion to Remove Case from Jurisdiction**

I have also reviewed plaintiff's motion to "remove case out of jurisdiction." ECF No. 95. Despite my best efforts, I cannot understand either its argument or requested relief. In any event, I recommend that it be denied as moot.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 67, be denied.

2. Defendant's motion for summary judgment, ECF No. 79, be granted.

3. Judgment be entered against plaintiff and in defendant's favor.

4. Plaintiff's motion to remove case from jurisdiction, ECF No. 95, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 31, 2022

                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE